IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| GREGORY WALKER and JOCELYN WALKER, | : : : |
| Plaintiffs, | : : |
| v. | : CASE NO.: 1:12-cv-120 (WLS) |
| PEERLESS INSURANCE CO., MONTGOMERY INSURANCE CO. and LIBERTY MUTUAL GROUP, | : : : : : |
| Defendants. | : : |

## ORDER

Before the Court is Defendants' Motion for Summary Judgment. (Doc. 10.) For the reasons that follow, Defendants motion is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiffs Gregory and Jocelyn Walker own a home a 707 West Pinson Street, Sylvester, Georgia. The Walkers purchased an insurance policy on their home from Peerless Insurance Company. After a July 12, 2010 fire damaged the property, the Walkers filed a claim with Peerless, which denied coverage on the ground that the policy had been canceled for non-payment. This prompted the Walkers to file suit in the Superior Court of Worth County against Peerless, Montgomery Insurance Company, and Liberty Mutual Group (collectively, "Defendants"), claiming that Peerless had wrongfully denied coverage. The Defendants removed to this Court on the basis of diversity jurisdiction and, following discovery, filed the pending motion for summary judgment.

The Defendants contend they are entitled to summary judgment because there is no genuine issue of material fact that the Walkers' policy did not cover losses outside of the policy period and that Walkers' policy had been canceled for non-payment. In addition, Defendants provide evidence—affidavits and a post office receipt—reflecting that

1

Peerless mailed the Walkers a notice of cancelation fourteen days before it canceled the policy.

The Walkers urge the Court to deny summary judgment. They contend there is a genuine issue on whether Peerless actually mailed the notice with proper postage. The Walkers submit affidavits stating that they did not receive a cancelation notice.

### STATEMENT OF FACTS

The following facts are derived from the Complaint, the Answer, Defendants' Statement of Material Facts to Which There is No Genuine Issue to be Tried,[1] and the Record in this case.

Peerless issued an insurance policy to the Walkers covering their home at 706 West Pinson Street, Sylvester, Georgia. The policy ran from May 8, 2010 to May 8, 2011. The Policy was a renewal of a prior policy and required monthly premium payments. The Walkers paid their premiums in cash to an independent agent, Southern Harvest Insurance. The Policy stated that it covered losses only during the policy period.

In addition, the Policy permitted Peerless to cancel coverage, as follows:

**5. Cancellation**

> . . . .
>
> b. We may cancel this policy only for the reasons stated below by letting you know in writing of the date cancellation takes effect. This cancellation notice, together with our reasons for cancellation, may be delivered to you, or mailed to your last known mailing address.
> A receipt provided by or such other evidence of mailing as prescribed or accepted by the U.S. Postal Service will be sufficient proof of notice
>> (1) When you have not paid the premium, whether payable to us or to our agent, we may cancel at any time by letting you know at least 10 days before the cancellation takes effect.

---

[1] The Walkers, who are represented by counsel, did not file a response to Defendants' Statement of Material Facts. Under this Court's local rules, "[a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56. Having reviewed the record, and in light of the Walkers' failure to file a response, the Court deems Defendants' statement of facts admitted in entirety.

Around May 10, 2010, Peerless sent a Premium Notice to the Walkers advising them they had not paid the necessary premium and that at least $103.70 was due by June 8, 2010. Neither Southern Harvest nor Peerless received the required payment.

On June 28, 2010, Peerless delivered to the United States Postal Service a Notice of Cancellation of Policy for mailing to the Walkers at the address on the Declarations Page of their Policy. The notice stated that the cancellation for nonpayment would take effect at 12:01 a.m. on July 12, 2010. In addition, the notice stated: "To keep your Policy in force, please mail us a copy of this Notice together with your check or money order for the minimum premium due by the effective date of cancellation." Again, neither Peerless nor Southern Harvest received any payments from the Walkers.

Peerless therefore canceled the policy at 12:01 a.m. on July 12, 2010. About eleven hours later, a fire damaged the Walkers' home.

## DISCUSSION

### I. Summary Judgment Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir. 1990). A fact is "material" if it is a legal element of the claim under the applicable substantive law and it might affect the outcome of the nonmoving party's case. *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 804 (1999); *Celotex Corp.*, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The movant can meet this burden by present-

ing evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must provide "enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986)).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex Corp.*, 477 U.S. at 322–23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

**II.     Analysis**

Defendants contend they are entitled to summary judgment because their exhibits and affidavits establish that the Walkers were in arrears on their insurance premiums and that Peerless mailed a proper notice of cancellation fourteen days before it canceled the policy. In response, the Walkers argue genuine issues exist because none of Defendants' affiants attest to personally mailing the notice and because of discrepancies on the post office receipt.

Under Georgia law, insurers must follow a statutory procedure to cancel an insurance policy by mail. O.C.G.A. § 33-24-44. These procedures are mandatory and must be strictly construed against the insurer. *Travelers Indem. Co. v. Guess*, 243 Ga. 559, 560 (1979). To cancel a policy for non-payment of premiums, the insurer must provide at least ten days' notice to the policyholder. O.C.G.A. § 33-24-44(d). If the insured sends

the notice by mail, it must send the notice via United States first-class mail to the insured's last known address and obtain a post office receipt. § 33-24-44(b); *Burnside v. GEICO Gen. Ins. Co.*, 309 Ga. 897, 898 n.1 (2011).

Defendants provided sufficient evidence to establish that Peerless canceled the Walkers' policy in compliance with those procedures. There is no dispute that the Walkers' policy allowed Peerless to cancel the policy for non-payment. Because insurance policies are matters of contract in Georgia, the Walkers are bound by the policy terms. *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (1996). Two affiants testified without contradiction that neither Peerless nor a third-party insurance agent received the past-due payments. According to Leighton Paulsen, a supervisor for a third-party mailing agent, Peerless prepared a notice of cancellation, effective July 12, 2010, because of the non-payment. Paulsen testified that, under his company's normal business practices, notices are affixed with first-class postage and brought to the Keene, New Hampshire postal facility for mailing. Defendants' post office receipt shows that the post office did, in fact, receive the Walkers' notice of cancellation on June 28, 2010.

This evidence is sufficient to satisfy the statutory requirements for cancellation. *See Burnside*, 309 Ga. App. at 900; *Stapleton v. Colonial Ins. Co. of Cali.*, 209 Ga. App. 674, 675 (1993). The Walkers' arguments to the contrary are unsupported in Georgia law. The Defendants' evidence is essentially identical to the showing held sufficient for summary adjudication in *Burnside v. GEICO Insurance Company*. Like this case, the *Burnside* plaintiff argued his insurance had been improperly canceled for non-payment before a loss. 309 Ga. App. at 897–98. On a motion for summary judgment, the defendant (GEICO) provided a post office receipt, affidavits attesting that Burnside was past due on premiums, and an affidavit from an output manager familiar with GEICO's mailing procedures. *Id.* at 899–900. Affirming the trial court, the Court of Appeals held that this evidence was sufficient to establish proper mailing. *Id.* at 900.

In reaching that holding, the court rejected similar arguments identical to the Walkers'. Burnside's claim that he never received the notice was irrelevant because "proof of actual delivery is not necessary" and "the notice was legally effected by the

5

act of mailing and securing the Post Office receipt." *Id.* at 900–901 Moreover, an output manager attested that the notices are all affixed with first-class postage, so it did not matter that the post office receipt did not itself describe the postage. *Id.* at 901–02.

Therefore, the Court finds unpersuasive the Walkers' arguments that they did not receive notice and that the post office receipt does not specify the postage. Additionally, it is well settled under Georgia law that an output manager such as Leighton Paulsen need not have personal knowledge of the mailing or have mailed the notice himself. *Stapleton*, 209 Ga. App. at 674 ("Stapleton's attack on the Colonial supervisor's affidavit for lack of actual knowledge of the events in this case seeks to impose a requirement not recognized in our law."). Paulsen's testimony as a supervisor of the mailing facility is sufficient to establish proper mailing, so whether he personally mailed the notice is immaterial and insufficient to create a genuine issue of material fact.

For those reasons, the Court concludes that there is no genuine issue of material fact and that Defendants are entitled to a judgment as a matter of law.

## CONCLUSION

Defendants' Motion for Summary Judgment is **GRANTED**, and the Clerk of the Court is hereby directed to enter judgment in favor of Defendants.

**SO ORDERED**, this   11th   day of February, 2014.

 W. Louis Sands  
**W. LOUIS SANDS, JUDGE**  
**UNITED STATES DISTRICT COURT**